UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 16-cr-183

    Plaintiff

v.   MEMORANDUM OPINION

Yahya Sayid Ibrahim, et al.,

    Defendants

This matter is before me on several pretrial matters. Defendant Yahya Ibrahim filed motions to determine the admissibility of his co-conspirator's statements prior to trial (Doc. No. 46), for disclosure of *Brady* material (Doc. No. 47), for disclosure of the government's trial witnesses (Doc. No. 48), requesting notice of the government's intent to introduce evidence under Federal Rule of Evidence 404(b) (Doc. No. 49), for relief from prejudicial joinder (Doc. No. 50), and to produce his co-defendants' statements (Doc. No. 51). Defendants Abdul Faqi and Hussein Ahmed adopted these motions. (Doc. Nos. 59 & 60). Defendant Ahmed Haaji moved to join these motions. (Doc. Nos. 53-58). The government filed an omnibus response (Doc. No. 68), and Ibrahim filed a reply (Doc. No. 71).

## BACKGROUND

On June 1, 2016, Ibrahim, Ahmed, and Faqi were indicted on five counts of health care fraud and aiding and abetting health care fraud, as well as one count of conspiracy to commit health care fraud. (Doc. No. 1 at ¶¶ 18-30). On January 30, 2017, in a superseding indictment, Ibrahim, Ahmed, Faqi, and Haaji were indicted on nine counts of health care fraud and aiding and abetting health care fraud, as well as one count of conspiracy to commit health care fraud. (Doc. No. 27 at ¶¶ 22-34).

## DISCUSSION

On August 23, 2017, Ibrahim filed six pretrial motions. (Doc. Nos. 46-51). I gave the remaining defendants until October 6, 2017, to join Ibrahim's motions. (Doc. No. 52). Faqi and Ahmed adopted Ibrahim's motions. (Doc. Nos. 59 & 60). Haaji moved to join all of Ibrahim's motions. (Doc. Nos. 53-58). I hereby grant Haaji's motions to join, so all Defendants are now joined in Ibrahim's motions.

Defendants move for severance of their trials pursuant to Federal Rule of Criminal Procedure 14 (Doc. No. 50), for the production of their statements for my inspection (Doc. No. 51), for me to set an evidentiary hearing to determine the admissibility of their statements under Federal Rule of Evidence 801(d)(2)(E) (Doc. Nos. 46), for the disclosure of all potential *Brady* evidence (Doc. Nos. 47), for the disclosure of the government's trial witnesses (Doc. Nos. 48), and for notice of the government's intent to use Rule 404(b) evidence (Doc. Nos. 49). I address each motion below.

**Motion for Production of Defendants' Statements**

I turn first to Defendants' motion for the production of their co-defendants' statements for my inspection. (Doc. No. 51). As part of its response, the government submitted Faqi's, Ahmed's, and Ibrahim's statements, along with proposed redactions. (Doc. Nos. 68-1, 68-2, & 68-3). The government intends to use these statements, in whole or in part, at trial. (Doc. No. 68 at 8). Haaji, according to the government, was not present during the execution of any search warrants and so was not interviewed. Because the government has now disclosed Defendants' statements, I deny as moot Defendants' motion to produce their statements. (Doc. No. 51).

**Motion for Disclosure of *Brady* Material**

Next, Defendants ask that I issue an order requiring the government to disclose all potential *Brady* evidence. (Doc. No. 47); *see Brady v. Maryland*, 373 U.S. 83 (1963); *see also Giglio v. United States*, 405 U.S. 150 (1972). Defendants note that in the indictment and discovery provided by the

2

government there are references to government witnesses with potential credibility issues. (*Id.* at 2). Defendants appear to then speculate that there may be "concessions, implicit deals, translucent promises, and other fertile potential impeachment evidence applicable to these" witnesses as relates to their cooperation in this case. (*Id.*). Defendants claim they should have all discoverable evidence in order to decide how to proceed with the case. (*Id.* at 3).

The government does not oppose Defendants' motion, but responds by recognizing its obligations under *Brady* and *Giglio*. (Doc. No. 68 at 20). The government further states it has made disclosures pursuant to these obligations during discovery and that it will continue to do so as that material becomes available. (*Id.*). I have no reason to doubt the government's assertions, but in recognition of its ongoing obligations under *Brady* and *Giglio*, I grant Defendants' motion to the extent any such evidence has yet to be disclosed. (Doc. No. 47).

**Motion to Disclose the Government's Trial Witnesses**

Defendants next seek an order requiring the government to disclose the names of the witnesses it intends to call at trial. (Doc. No. 48). Defendants acknowledge it is early to seek such a disclosure, but they justify their request by explaining that this case is premised on an alleged six-year conspiracy involving numerous potential witnesses. (*Id.* at 2). Thus, Defendants claim they require disclosure of the government's trial witnesses in order to prepare an efficient and focused defense. (*Id.* at 2-3). Defendants further argue this disclosure is necessary for deciding whether to go to trial. (*Id.* at 3; Doc. No. 71 at 7). Defendants state "it is impossible for a defendant to knowingly and intelligently waive his right to confront witnesses against him . . . if he does not know the identification of his accusers." (Doc. No. 71 at 7); *see* Fed. R. Crim. P. 11(b)(1)(E).

The government opposes this motion as premature. (Doc. No. 68). The government further argues that the discovery it has provided to Defendants includes grand jury transcripts, witness interviews, and billing information, thus identifying potential witnesses. (*Id.*). Finally, the government says it does not oppose providing its witness list pursuant to a trial order. (*Id.*).

3

While it is my usual practice to require the parties to submit their witness lists ahead of trial, I have yet to even set a trial date in this case, so Defendants' request is premature. And though I appreciate their reasons for wanting the government's witness list now, I will not require the government to produce it at this juncture. Any list the government might provide now would be subject to change between now and trial, as the government will also presumably continue to work on its case and strategy in the meantime. Therefore, Defendants may not gain much by way of efficiency overall.

And while it might be helpful to Defendants, in deciding whether to go to trial, to have a more definite outline of how the government intends to try its case, they are not entitled to such at this time. Defendants argue they cannot knowingly and intelligently plead guilty and waive their rights to confront adverse witnesses without first knowing who those witnesses are. But Defendants are not without some knowledge of their accusers. Defendants know the universe of their potential accusers, as revealed by the discovery provided by the government. So Defendants know the extent of the evidence against them and the people the government could choose to call as witnesses. What Defendants lack is the identification of which of those potential witnesses will be called at trial. As I said above, the government is not required to produce that information at this time, and I find no compelling reason to order such early disclosure. As such, I deny without prejudice Defendants' motion to disclose the government's witnesses. (Doc. No. 48).

**Motion for Notice of Intent to Use 404(b) Evidence**

Defendants request notice of the government's intent to use Rule 404(b) evidence. (Doc. No. 49). The government opposes this request as premature. (Doc. No. 68 at 21-22). The government says it will provide pre-trial notice of its intent to use such evidence fourteen calendar days prior to trial. (*Id.* at 21). And the government states that if it chooses to offer such evidence without pretrial notice, it will also provide a good-cause argument for my consideration. (*Id.* at 21-22). Though it is decisional, I defer ruling on Defendants' motion for notice of the government's

4

intent to use Rule 404(b) evidence until I further discuss this matter with counsel at our next status conference.

**Motions for Severance and to Determine the Admissibility of Co-Conspirators' Statements**

Finally, Defendants also move for relief from prejudicial joinder. (Doc. No. 50). They argue that the introduction of their co-defendants' statements at a joint trial will violate their confrontation rights and *Bruton*, thus requiring separate trials. (*Id.* at 4; Doc. No. 71 at 2-6); *see Bruton v. United States*, 391 U.S. 123 (1968). The government argues that the statements are admissible when appropriately redacted, making severance unnecessary. (Doc. No. 68 at 11-20).

And Defendants ask that I set a pretrial evidentiary hearing to determine the admissibility of co-conspirator statements under evidence rule 801(d)(2)(E). (Doc. No. 46). The government did not address this motion in its response.

I grant Defendants' motion for a hearing to determine the admissibility of co-conspirators' statements under Rule 801(d)(2)(E). (Doc. No. 46). Also at the hearing, the parties shall address the potential *Bruton* issue that was identified in Defendants' motion for relief from prejudicial joinder. (Doc. No. 50 at 4). I shall defer ruling on the matter of severance until after the hearing.

## CONCLUSION

Accordingly, I grant Haaji's motions to join Ibrahim's pretrial motions (Doc. Nos. 53-58) and Defendants' motion to disclose *Brady* material to the extent any such evidence has yet to be disclosed (Doc. No. 47). I deny as moot Defendants' motion to produce their co-defendants' statements for inspection (Doc. No. 51), and I deny without prejudice Defendants' motion to disclose the government's witnesses (Doc. No. 48). I defer ruling on Defendants' motion requesting notice of the government's intent to use Rule 404(b) evidence. (Doc. No. 49).

I grant Defendants' motion for a hearing to determine the admissibility of co-conspirators' statements. (Doc. No. 46). I will schedule that hearing after further discussing the matter with counsel at our next status conference. At that hearing, the parties shall also address the potential

*Bruton* issue raised in Defendants' motion for relief from prejudicial joinder. (Doc. No. 50 at 4). I will rule on the matter of severance following the hearing. (Doc. No. 50).

    So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
